**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:26-cv-20269-GAYLES**

**RONIEL PILOTO-BUENO,**

   **Petitioner**,

**v.**

**FIELD OFFICE DIRECTOR, et al.,**

   **Respondents.**

_____/

## ORDER

**THIS CAUSE** comes before the Court on Petitioner Roniel Piloto-Bueno's Verified Petition for Writ of Habeas Corpus and Complaint for Injunctive and Declaratory Relief (the "Petition") against Respondents Kristi Noem, Secretary of the U.S. Department of Homeland Security, and the Field Office Director of the Miami Office of Immigration and Customs Enforcement (together, "Respondents"). [ECF No. 1]. Petitioner challenges his detention at the Krome North Service Processing Center without being afforded an individualized bond determination. *See generally id*. Respondents filed a Response in Opposition to the Petition [ECF No. 7], to which Petitioner filed a Reply [ECF No. 8]. The Court has considered the record, the parties' written submissions, and applicable law. For the following reasons, the Petition is **GRANTED IN PART**.

I.   **BACKGROUND**

   A.   **Petitioner's Immigration History in the United States**

On March 10, 2022, Petitioner, a Cuban national, entered the United States without inspection and was apprehended by Customs and Border Protection ("CBP") upon his entry at the

southern border. [ECF No. 1, Petition, ¶ 24]; [ECF No. 1–3, Appendix at 14–17]. CBP determined that Petitioner was illegally in the United States, arrested him, and transported him to the Rio Grande Valley Sector Centralized Processing Center in McAllen, Texas, for further processing. [ECF No. 1–3, Appendix at 17]. While being detained at the Rio Grande Valley Sector Centralized Processing Center, Petitioner admitted that he illegally crossed the border without being inspected by an immigration officer at a designated port of entry. *Id.*

On March 15, 2022, the United States Department of Homeland Security ("DHS") issued a Notice to Appear (the "Notice") and initiated removal proceedings against Petitioner under Section 240 of the Immigration and Nationality Act ("INA"). [ECF No. 1–3, Appendix, at 19–21]. The Notice alleges that Petitioner "arrived in the United States at or near Hidalgo, TX, on or about March 10, 2022," and that Petitioner was "not admitted or paroled after inspection by an Immigration Officer." *Id.* Petitioner was ordered to appear before an Immigration Judge in Miami, Florida, on February 7, 2024, to show why [he] should not be removed from the United States." *Id.* On March 16, 2022, Petitioner was released by Immigration and Customs Enforcement ("ICE") on his own recognizance. [ECF No. 1–3, Appendix, at 22–24].

On February 7, 2024, an Immigration Judge in Miami, Florida, ordered Petitioner's removal in absentia. [ECF No. 7–1, at 2]. Then, on December 17, 2024, an Immigration Judge granted Petitioner's Motion to Reopen. *Id.*

On November 8, 2025, Petitioner was arrested by Miami-Dade County Police and taken into custody for a battery charge related to domestic violence. [ECF No. 1–3, Appendix, at 3–7]. Petitioner claims that, apart from this arrest, he had no other criminal history in the United States. [ECF No. 1, Petition, ¶ 26]; [ECF No. 1–3, Appendix, at 8–9]. Five days later, Petitioner was detained by immigration authorities and taken into ICE custody at the Krome North Service

Processing Center. [ECF No. 1, Petition, ¶ 27]; [ECF No. 7, Resp. in Opp. at 1–2]. At the time of his detention, Petitioner had a scheduled hearing before the Miami Immigration Court on his asylum application. [ECF No. 1, Petition, ¶ 28]; [ECF No. 1–3, Appendix, at 10–11].

To date, Petitioner remains in ICE custody at the Krome North Service Processing Center. [ECF No. 1, Petition, ¶ 29]; [ECF No. 1–3, Appendix, at 2]; [ECF No. 7, Resp. in Opp. at 2]. Petitioner is being detained without eligibility for custody redetermination or bond hearing pursuant to *Matter of Hurtado*, 29 I&N Dec. 216 (BIA 2025). [ECF No. 7, Resp. in Opp. at 2].

### B.   Petitioner's Habeas Petition

On January 15, 2025, Petitioner filed his Petition for Writ of Habeas Corpus [ECF No. 1], alleging violations of the INA (Count I). *Id.* ¶¶ 49–51. Petitioner asks this Court to grant his Petition for Writ of Habeas Corpus or to order that he be provided an individualized bond hearing under 8 U.S.C. § 1226(a). *Id.* at 11. On January 29, 2026, Respondents filed a Response in Opposition to the Petition, arguing that Petitioner is not entitled to an individualized bond hearing because Petitioner is detained under 8 U.S.C. § 1225(b)(2), not § 1226(a). [ECF No. 7, at 3–15]. On February 4, 2026, the Petitioner filed a Reply in Support of his Petition. [ECF No. 8].

## II.   LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . ." 28 U.S.C. § 2241(a).  "Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). This Court has jurisdiction over challenges involving immigration detention as to whether Petitioner is detained subject to § 1225(b)(2) or § 1226(a). *See, e.g., Puga v. Assistant Field Off. Dir., Krome N. Serv. Processing Ctr.*, No. 25-24535-CIV, 2025 WL 2938369, at *2 (S.D. Fla. Oct. 15, 2025) (holding the Court has jurisdiction to decide whether petitioner is subject

to § 1226(a) or § 1225(b)(2)); *Nguyen v. Parra*, No. 25-CV-25325-JB, 2025 WL 3451649, at *2 (S.D. Fla. Dec. 1, 2025) (same).

### III.   ANALYSIS

The core disagreement between Petitioner and Respondents is whether Petitioner is detained under § 1225(b)(2), and is thus ineligible for bond, or § 1226(a), which allows for release on bond. Section 1225(b) governs the inspection of applicants for admission, which is defined in § 1225(a)(1) as "[a]n alien present in the United States who has not been admitted or who arrives in the United States . . . ." 8 U.S.C. § 1225. Detention for applicants for admission under § 1225(b)(2) is mandatory and, as such, an applicant for admission is ineligible for bond. *See, e.g., Nguyen*, 2025 WL 3451649, at *3 (citing *Gomes v. Hyde*, No. 25-cv-11571, 2025 WL 1869299, at *8 (D. Mass. July 7, 2025)).

In contrast to applicants seeking admission into the United States, "[§ 1226(a)] also authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings. . . ." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). Section 1226(a) states that a noncitizen already present in the United States "may be arrested and detained pending a decision on whether the alien is to be removed from the United States" and may be released on bond. 8 U.S.C. § 1226(a)(2). Thus, this statute "establishes a discretionary detention framework," *Gomes*, 2025 WL 1869299, at *2, unlike the mandatory detention framework of § 1225(b)(2). Importantly, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306.

On July 8, 2025, DHS issued a notice to all ICE employees, indicating that any noncitizen in the United States who has not been formally admitted or paroled shall be considered an applicant for admission and shall be subject to § 1225(b)(2). *See, e.g., Merino, 2025 WL 2941609, at *3*

(citing ICE Memo: Interim Guidance Regarding Detention Authority for Applications for Admission, AILA Doc. No. 25071607 (July 8, 2025)). Following this interpretation, the BIA held in *Yajure Hurtado* that an immigration judge had no authority to provide a bond hearing to a noncitizen, who had been living in the United States for years without admission or parole, because he is an applicant for admission under § 1225(b)(2), subject to mandatory detention. 29 I&N Dec. 216 (BIA 2025).

District Courts have overwhelmingly rejected the BIA's interpretation. "DHS's interpretation of the applicability of § 1225(b)(2), rather than § 1226, to noncitizens who have resided in the country for years and were already in the United States when apprehended, runs afoul of the statutes' legislative history, plain meaning, and interpretation by courts in the First, Second, Fifth, Sixth, Eighth, and Ninth Circuits."[1] *Merino,* 2025 WL 2941609, at *3 (citing cases); *see also Puga*, 2025 WL 2938369, at *2 ("As explained, the statutory text, context, and scheme of section 1225 do not support a finding that a noncitizen is 'seeking admission' when he never sought to do so. Additionally, numerous courts that have examined the interpretation of section 1225 articulated by Respondents — particularly following the BIA's decision in *Matter of Yajure Hurtado* — have rejected their construction and adopted Petitioner's."); *Nguyen*, 2025 WL 3451649, at *3; *Ardon-Quiroz,* 2025 WL 3451645, at *7.

The Court agrees that the plain reading of the statute supports a finding that Petitioner, who has been living in the United States since 2022, is governed by § 1226(a) and not § 1252(b)(2). Petitioner is therefore entitled to a bond hearing under § 1226(a), and Count I is granted in part.

---

[1] The Court acknowledges the Fifth Circuit's recent decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 U.S. App. LEXIS 3899 (5th Cir. Feb. 6, 2026), which agreed with the government's position here. But that decision "distort[s] the statutory text, abstract[s] it from its context and history, ignore[s] the Supreme Court's clearly stated understanding of the statutory scheme, and wave[s] away the [government's] previous failure to detain millions of noncitizens as if it were a rounding error." *Id.* at *28 (Douglas, J., dissenting). Indeed, the Fifth Circuit's decision "is not binding here, and it contradicts the vast majority of district court opinions addressing the issue." *Lobovillalobos v. Hardin*, No. 2:26-cv-00446, 2026 U.S. Dist. LEXIS 45140, at *2 n.1 (M.D. Fla. Mar. 5, 2026).

## IV.    CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

(1)    Petitioner Roniel Piloto-Bueno's Verified Petition for Writ of Habeas, [ECF No. 1], is **GRANTED IN PART**. The Court finds that Petitioner falls under 8 U.S.C. § 1226(a).

(2)    Respondents shall afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) on or before **April 1, 2026**, or otherwise release Petitioner.

(3)     This case is **CLOSED** for administrative purposes.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 18th day of March, 2026.

_____

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE